# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA EVERETT, : | CIVIL NO. 4:13-CV-01515 |
| Plaintiff, : | |
| v. : | (Magistrate Judge Schwab) |
| HOUSING AUTHORITY OF THE : CITY OF SHAMOKIN and RONALD MILLER, : | |
| Defendants. : | |

## ORDER
January 9, 2015

In this civil rights action, the plaintiff, Brenda Everett ("Everett"), has a single claim remaining. Said claim is brought pursuant to 42 U.S.C. § 1983 against the Housing Authority of the City of Shamokin ("Shamokin"). According to Everett, Shamokin violated her right to procedural due process, as provided by the Fourteenth Amendment to the United States Constitution, when it allegedly failed to provide her with written notice or an opportunity to contest its decision to deny her of a Section 8 Housing Choice Voucher.[1]  Pending before the Court is

---

[1] The Housing Choice Voucher Program, also known as the Section 8 program, is a federal program administered by the United States Department of Housing and Urban Development ("HUD"), pursuant to the Housing and Community Development Act of 1974 (the "Housing Act"). *See* 42 U.S.C. § 1437f (codifying the Housing Act). Under the Section 8 program, "HUD pays rental subsidies so eligible families can afford decent, safe and sanitary housing." 24 C.F.R. 982.1(a)(1). The Section 8 program, however, is generally administered by

Everett's motion to sequentially bifurcate the issues of liability and damages at trial. Everett's motion is brought pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues…. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed.R.Civ.P. 42 (b). The decision to bifurcate, thus, is discretionary and "to be decided on a case-by-case basis ... in each instance." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). In other words, bifurcation is not meant to be a routine practice. At the same time, "it is important that [bifurcation] be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42(b) advisory committee note (1966). A court, therefore, "must [endeavor to] weigh the various considerations of convenience, prejudice to the parties, expedition and economy of resources," *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984), and the moving party bears the burden of showing that bifurcation is appropriate, *see Grosek v. Panther Transp.*, No. 3:07–CV–1592, 2009 WL 905035, at *2 (M.D. Pa. Apr. 1, 2009) (citing *Innovative Office Prod., Inc. v. Spaceco, Inc.*, No. 05–04037, 2006 WL 1340865, at *1 (E.D.

---

state or local governmental entities, such as Shamokin, called public housing agencies ("PHA"), to which HUD provides housing assistance funds for administration. 24 C.F.R. 982.1(a)(1). *See also, Kahn v. Bland,* 630 F.3d 519, 523-24 (7th Cir. 2010)(detailing the Section 8 Housing Choice Voucher Program).

Pa. May 15, 2006), 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (2d ed. 1995)).

According to Everett, the issues of liability and damages should be bifurcated for several reasons. First, Everett argues that the legal subject matter, for both issues, employs a specialized language and rule set. Next, Everett contends that the formula for computing damages in the form of unpaid subsidies is complex and will take additional time to present at trial. Third, Everett contends that the factors underlying the determination of procedural due process liability are separate from those relating to the determination of damages. *See Doc.* 65 at 6, 8, 9. Thus, according to Everett, bifurcation of these issues at trial would enhance jury comprehension and could result in a conservation of judicial resources, especially if the jury were to find that Shamokin has no liability. *See id.* at 9.

On these bases, we believe that Everett has met her burden under Rule 42(b). Indeed, we find that the calculation of the rent subsidies to be a complex task; a task not intertwined with the ultimate issue of liability. Moreover, we prefer that the jury concentrate on the issue of liability without being aware of the damage figures potentially involved so that no prejudice could result to either party. As well, given that the liability issue does not appear too complex, we believe a bifurcation of the issues could potentially result in a conservation of considerable resources.

Finally, given our assessment, *supra*, we feel compelled to provide our disagreement with Shamokin that the "appropriate remedy" in this case is "new" or "good" process.  *See Doc*. 67 at 4-5.  Indeed, the Supreme Court has allowed for recovery of compensatory damages for mental and emotional distress caused by the denial of procedural due process.  *See Carey v. Piphus*, 435 U.S. 247 (1977).  Thus, if anything, Shamokin's proposition for "new" or "good" process may operate to mitigate Everett's damages, but certainly it would not be the only, or "appropriate," remedy available to her.  Moreover, it would appear that Everett could very well be entitled to reimbursement in the form of an amount of subsidy for the period of time that Everett has been paying for unsubsidized housing.  *See generally, Davis v. Mansfield Metropolitan Housing Authority*, 751 F.2d 180, 186 (6th Cir. 1984)(finding no error in the award of $900.00 to an individual for loss of Section 8 benefits for 12 months, on a procedural-due-process claim).  Without any citation to contrary authority by Shamokin, we stand by the Court's previous statements in *Doc*. 36 at 25-26 as to the issue of damages.

Consequently, **IT IS ORDERED** that Everett's motion (*Doc.* 64) is **GRANTED**. At trial, this case shall proceed sequentially, before the same jury, on the issue of liability first and then, if necessary, on the issue of damages second.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge