IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA EVERETT, | ) | C.A. NO. 4:13-CV-01515 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | (Judge Matthew W. Brann) |
| v. | ) | |
| | ) | |
| | ) | (Magistrate Judge Susan E. Schwab) |
| HOUSING AUTHORITY OF THE | ) | |
| CITY OF SHAMOKIN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PRETRIAL MEMORANDUM

In accordance with this Court's scheduling Order and Local Rule 16.6, Defendant Housing Authority of the City of Shamokin ("SHA") hereby files its pretrial memorandum.

Date conference was held between counsel:  February 3, 2015.

A.    Federal Court Jurisdiction

Although the total compensatory amount in controversy is only $7,402.62, the issues are important to the parties.  Plaintiff Brenda Everett filed this action under 42 U.S.C. § 1983 for alleged violations of her procedural due process rights, and this Court has jurisdiction under 28 U.S.C. § 1331(a)(3) as Ms. Everett's claims arise under the Constitution and laws of the United States. This Court additionally has jurisdiction under 28 U.S.C. §§ 1343(a)(3) and (4),

which grant the Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983.

B.    Statement of Facts and Contentions as to Liability

Ms. Everett moved her three-person family to Shamokin and asked SHA for a housing subsidy.  Based on her household, Ms. Everett was sized for a two-bedroom unit, with one bedroom for herself, and one bedroom for her two minor daughters to share.  The maximum subsidy SHA would provide for a two-bedroom unit was $645 per month.  Based on her port paperwork, Ms. Everett was required to pay $716 per month toward rent and utilities, which meant that Ms. Everett was not eligible for a subsidy in Shamokin.  The Harrisburg Housing Authority (HHA) should have made the initial determination to deny Ms. Everett's port request.  SHA identified the ineligibility after it issued a voucher, when SHA determined that it could not sign a housing assistance payment (HAP) contract because it would not actually pay a subsidy.  Ultimately, HUD instructed SHA that it was required to issue a voucher (which SHA did do) but SHA could not recalculate Ms. Everett's income eligibility and it could not sign a HAP contract in these circumstances.

SHA did offer to process a new housing application for Ms. Everett, which would give her an opportunity to demonstrate any change in income (her claim) or eligibility, but she refused to do so.  SHA offered Ms. Everett an

opportunity to contest its decision, which she also refused. Instead, Ms. Everett filed this lawsuit and has proceeded all the way to trial seeking a subsidy payment that she has calculated to total $7,402.62. SHA disagrees that it owes any amount and specifically contests this calculation. But the dispute between the parties has persisted for two years primarily because Ms. Everett also asks to be awarded a HAP contract—which HUD would not allow for this voucher.

There is no due process liability against SHA because there is no Constitutional mandate for processing a HAP contract, and Ms. Everett had no right to a subsidy payment as a port-in applicant. Liability will be further evaluated in the context of the relief requested: (1) SHA is not liable for notice and a hearing claims where Ms. Everett was an unlawful applicant, she received notice, and she refused every offer for a hearing; (2) SHA is not liable for subsidy payments because HUD would not authorize a HAP contract in these circumstances; and (3) SHA is not liable for not making Ms. Everett a "participant" because Ms. Everett does not fit HUD's definition of participant.

C.    Statement of Undisputed Facts

SHA incorporates by reference the Joint Statement of Undisputed Facts contained in Plaintiff's Pretrial Memorandum that were agreed to through negotiations between counsel.

D.     Damages

Although this was a two-bedroom household, Ms. Everett's damage calculations are based substantially on the payment standard for a three-bedroom unit.   For this reason alone, her calculation must be rejected and no damages awarded.    Further, if the Court chose to accept the method of Ms. Everett's calculation, her claim would total approximately $7,400.   However, if the Court embraced Ms. Everett's method, the Court would immediately be required to reject any such subsidy because the calculation reflects a situation in which Ms. Everett would be making a rent plus utility payment for more than 40% of her income, in violation of HUD regulations.   Last, a subsidy payment requires a HAP contract, which would be rejected by HUD in either calculation scenario.

E.     Witnesses

    1.      Ronald A. Miller
            Executive Director
            Housing Authority of the City of Shamokin
            One East Independence Street
            Shamokin, PA 17872
            Phone:  570-644-0431
            (to be contacted through counsel)

    2.      Cornelia Adams
            Housing Authority of the City of Shamokin
            One East Independence Street
            Shamokin, PA 17872
            Phone:  570-644-0431
            (to be contacted through counsel)

    3.      Brenda Everett
            401 South 5th Street

Shamokin, PA 17872
Phone:  717-777-1446

4.      Junior Fairweather
540 Shakespeare
Milton, PA 17847
Phone: (570)742-2192

5.      Cheryl A. Hawk
Harrisburg Housing Authority

Any witnesses identified by Plaintiff in Plaintiff's Pretrial Memorandum, and any witness necessary for rebuttal or impeachment.  SHA reserves the right to amend and/or supplement additional witnesses prior to trial.

F.      Summary of Expert Witness Testimony

None.

G.      Special Comments about Pleadings

None.

H.      Summary of Legal Issues

1.      Does Ms. Everett have a constitutionally protected right arising from her Request for Tenancy Approval?

2.      Was Brenda Everett a participant, as defined by HUD regulations, in SHA's HCV program?   HUD regulations define a participant as "A family that has been admitted to the PHA program and is currently assisted in the program. The family becomes a participant on the effective date of the first HAP contract executed by

the PHA for the family (first day of initial lease term)."  24 C.F.R. §

982.4.

3.      Is Ms. Everett entitled to a review process under HUD

regulations 25 C.F.R. §§ 982.554 (for applicants) or 982.555 (for

participants)?

4.      Did SHA provide Ms. Everett with notice that her request for

tenancy approval was denied and the reasons for denial in a way that

comports with HUD regulations and any applicable requirement of

procedural due process?

5.      Did Ms. Everett properly avail herself of the process available

to her to challenge SHA?   "In order to state a claim for failure to

provide due process, a Plaintiff must have taken advantage of the

processes that are available to him or her, unless those processes are

unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107,

116 (3d Cir. 2000); *Kauffman v. PA Soc. For the Prevention of

Cruelty to Animals*, 766 F.Supp.2d 555, 571 (E.D. Pa. 2011);

6.      Were the actions complained of in this lawsuit the result of a

custom or policy of the housing authority?   "To the extent Plaintiff

named SHA as a Defendant and raises a constitutional claim against

this municipal corporation under §1983 she must set forth facts

showing that a custom or policy of this municipal housing authority deprived her of a constitutional property right under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)." Judge Blewitt's Memorandum and Order (Doc. 59.). *See also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008).

7.     Under HUD regulations and instructions, could SHA re-evaluate Brenda Everett's eligibility for a housing subsidy prior to entering into a HAP contract for her unit?   24 C.F.R. § 982.355, Defendant's Proposed Exhibit 43.

8.     Is Ms. Everett entitled to a back payment of subsidy based on the three-bedroom payment standard when she had a two-bedroom household?

9.     Is Ms. Everett entitled to an award of attorneys' fees, and if so, must the attorneys' fees be proportionate to any remedy?

I.     Stipulations Desired
None at this time.

J.     Trial Days
SHA estimates the trial will take two days.

K.     Other Matters
None.

L.    Exhibit List

*See* pre-numbered schedule of exhibits attached as Exhibit A to Defendant's Pretrial Memorandum.  SHA has not marked all impeachment or rebuttal materials as exhibits.  SHA further reserves the right to supplement the trial exhibit list with any exhibits that Plaintiff identifies.

M.    Special Verdict Questions

1.    Was Brenda Everett a participant in the Shamokin Housing Authority's HCV program?

2.    Was Brenda Everett eligible for a housing subsidy payment?

3.    Did the Shamokin Housing Authority provide sufficient notice to Brenda Everett and an opportunity to challenge?

4.    If the answer to the preceding question is no, did the lack of notice or hearing proximately cause any damages to Brenda Everett in the form of a lost subsidy?

N.    Statement of Defense Counsel

The Housing Authority of the City of Shamokin and its executive director, Ronald Miller, have been notified of the requirements of and possible sanctions under Local Rule 16.2.

O.    Certificate

If necessary, the parties will discuss any depositions taken in this case that will be introduced at trial and any objections prior to commencement of the trial.

P.    Findings of Fact and Law

Not Applicable.

Dated:  February 10, 2015                   Respectfully submitted:

 /s/ John C. Hansberry
John C. Hansberry (PA I.D. 74721)
Pepper Hamilton LLP
Suite 5000
500 Grant Street, 50th Floor
Pittsburgh, PA 15219-2507
Telephone:  (412) 454-5000
Facsimile: (412) 281-0717
hansberj@pepperlaw.com


Justin G. Weber (PA I.D. 89266)
Pepper Hamilton LLP
100 Market Street, Suite 200
Post Office Box 1181
Harrisburg, PA 17108-1181
Telephone:  717.255.1170
Facsimile: 717.238.0575
weberjg@pepperlaw.com

*Attorneys for Defendant Housing Authority of the City of Shamokin*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Pretrial Memorandum was served February 10, 2015, upon counsel of record via the Court's ECF system.

/s/ *John C. Hansberry*
John C. Hansberry