UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA EVERETT, | : | CIVIL NO: 4:13-CV-01515 |
| Plaintiff | : | (Magistrate Judge Schwab) |
| v. | : | |
| HOUSING AUTHORITY OF THE CITY OF SHAMOKIN, | : | |
| Defendant | : | |

# ORDER
February 18, 2015

**IT IS ORDERED** that:

(1) the motion (doc. 77) in limine filed by the Housing Authority of the City of Shamokin (hereinafter "SHA") to limit Everett's remedies to nominal damages and new process is **DENIED;**

(2) the SHA's motion (doc. 79) in limine to preclude the introduction of evidence relating to damages during the liability phase of trial is **GRANTED** with the caveat that Everett will be given some latitude in introducing background evidence;

(3) the SHA's motion (doc. 81) in limine to preclude the introduction of evidence not previously provided to opposing counsel is **DEFERRED**[1] until the Court has a better understanding of what, if any, evidence is at issue;

(4) the SHA's motion (doc. 83) in limine to preclude Everett from using the June 12, 2012 application for housing at trial is **DENIED;** and

(5) Everett's motion (doc. 85) in limine is **GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART** as follows:

(a) the motion is **DENIED,** subject to any appropriate objection at trial, to the extent that Everett seeks to exclude evidence in the liability phase of trial of matters occurring after June 6, 2013 including the September 20, 2013 letter;

(b) the motion is **GRANTED** to the extent that Everett seeks to exclude evidence in the liability phase introduced for the purpose of attempting to establish justification for terminating her as a participant or for denying her subsidy as an

---

[1] Insofar as we defer ruling, we do so without prejudice to the moving party renewing the argument at trial, if warranted.  Additionally, the parties shall be prepared to discuss the issues at the pretrial conference.

applicant or for establishing what the outcome of a hearing, if held, would have been;[2]

(c) the motion is **DEFERRED** to the extent that Everett seeks to exclude computer generated inquiry printouts from HUD's PIC Record System;

(d) the motion is **GRANTED** to the extent that Everett seeks to exclude all evidence or references to the criminal record of her adult son;

(e) the motion is **DEFERRED** to the extent that Everett seeks to exclude any evidence or reference to the Special Needs Education Trust created for her daughter, SM;

(f) the motion is **GRANTED** to the extent that Everett seeks to exclude assertions by any employee or witness of SHA that, in compliance with HUD regulations, SHA did not need to afford Everett process because it believed, without

---

[2] Judge Blewitt has already determined as a matter of law that whether Everett was a participant or an applicant, she had a property interest and she "was entitled to prompt notification of Defendant SHA's decision to 'deny' or 'terminate' her assistance and an opportunity to request some post-decision review process as provided for in the HUD regulations." *Doc. 59* at 18 & 21. Those determinations are law of the case and are not subject to redetermination.

first verifying reports of income or making an updated income determination, that she could not qualify for a subsidy at the target dwelling;[3] and

    (g) the motion is **GRANTED** to the extent that Everett seeks to exclude evidence about the proceedings she initiated before the Pennsylvania Human Relations Commission and the Civil Rights Division of HUD; the motion in this regard is granted without prejudice to the introduction of evidence from those proceedings that would directly relate to whether SHA provided Everett due process.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[3] As noted earlier, Judge Blewitt has already determined as a matter of law that Everett had a protected property interest and was entitled to due process.